UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY SADRIEH TTEE JAY JALAL SADRIETH & SADRIETH REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FARRAH PIRAHANCI-NAZEMI,<br><br>Defendant. | Case No.: 17-CV-00769 AJB-WVG<br><br>**(1) SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 1); AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT (Doc. No. 2)** |

On April 17, 2017, Defendant Farrah Pirahanci-Nazemi ("Removing Defendant"), acting *pro se*, filed a notice of removal of an unlawful detainer action initiated in San Diego Superior Court by Plaintiff Jay Sadrieh TTEE Jay Jalal Sadrieth & Sadrieth Revocable Trust ("Plaintiff"), (Doc. No. 1), and an application to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction, and **DENIES AS MOOT** Removing Defendant's application to proceed *in forma pauperis*.

///

///

1

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Moreover, "[f]ederal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Removing Defendant alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1441. (Doc. No. 1 at 2.)[1] Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in federal question cases is "governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Diversity jurisdiction exists where there is complete diversity among opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

---

[1] Pinpoint cites refer to the CM/ECF page numbers and not the automatically generated page numbers on the original document.

The Complaint attached as Exhibit A to the notice of removal affirmatively shows that the Complaint alleges only a single claim for unlawful detainer, which is a California state law cause of action. (*See Generally* Doc. No. 1-2.) Thus, the Court finds that Plaintiff's Complaint does not "necessarily raise a stated federal issue, actually disputed and substantial," which this Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485- MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.") (citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)). Accordingly, the Court finds Plaintiff's Complaint does not present a federal question.

Moreover, Removing Defendant does not claim that removal is appropriate based on diversity jurisdiction. The Court notes however that both parties are residents of San Diego, California. (Doc. No. 1-2 at 3.) Additionally, the Complaint states on its face that the demand for damages includes rent in the amount of $5200.00 beginning on March 1, 2017, and attorney fees. (*Id.* at 5.) As of the date of this Order, that only amounts to less than $10,000.00, which is far less than the $75,000 needed to qualify for diversity jurisdiction. Consequently, as the Complaint does not present a federal question, and diversity jurisdiction is not present, the Court lacks subject matter jurisdiction.

///

///

## CONCLUSION

For the reasons set forth above, the Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction. Accordingly, Removing Defendant's motion to proceed *in forma pauperis* is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 25, 2017

Hon. Anthony J. Battaglia
United States District Judge